IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OSIRIS C. TERRY, | Case No. 19-cv-00401-DKW-RT |
| Plaintiff, | **ORDER DISMISSING CASE**[1] |
| vs. | |
| DON QUIJOTE, | |
| Defendant. | |

On April 23, 2020, the Court granted Defendant Don Quijote's motion to dismiss for lack of subject-matter jurisdiction and dismissed *pro se* Plaintiff Osiris Terry's civil complaint with leave to amend. Dkt. No. 37. The Court granted Terry until May 22, 2020 to file an amended complaint, setting forth a "colorable" federal claim to support federal question jurisdiction under 28 U.S.C. Section 1331. Because Terry has failed to file an amended complaint as of the date of this Order, this action is DISMISSED WITHOUT PREJUDICE.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Henderson*

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

*v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).  Before dismissing such an action, a court should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260–61).  Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

First, Terry's failure to comply with the April 23, 2020 Order hinders resolution of this case on the merits, and, thus, the public's interest in expeditious resolution of litigation.  As such, this factor favors dismissal.  *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Terry's failure to comply with the April 23, 2020 Order impedes this Court's ability to manage its docket.  This Court cannot manage its docket if litigants, like Terry, fail to timely comply with the Court's instructions and orders.  As such, this factor favors dismissal.

Third, the risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action.  *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191

F.3d at 991). Here, Terry has offered no explanation for his failure to comply with the April 23, 2020 Order. When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. As a result, this factor favors dismissal.

Fourth, the Court attempted to avoid a less drastic alternative to dismissing this case when it provided Terry with an opportunity to amend his Complaint and guidance on how to do so. Despite the Court warning Terry that failure to file an amended complaint within the time allowed may result in dismissal of this action without prejudice, Terry has not availed himself of this opportunity, and, thus, the Court must dismiss this action. The Court cannot allow a complaint that does not support subject-matter jurisdiction to proceed. *See* Fed.R.Civ.P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As a result, this factor favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining that less drastic alternatives were considered when the district court warned the plaintiff that failure to comply would result in dismissal).

Finally, because public policy favors the disposition of cases on their merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

In summary, with four of the five factors favoring dismissal, this case is DISMISSED WITHOUT PREJUDICE for failure to comply with the April 23, 2020 Order and failure to prosecute. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (concluding that, when the other factors favor dismissal, they are not outweighed by the public policy in favor of resolving a case on the merits); *see also Mo. ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (explaining that a "dismissal for lack of subject matter jurisdiction is without prejudice . . . so that a plaintiff may reassert his claims in a competent court." (citations and internal quotation marks omitted)).

The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

DATED: May 26, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Osiris C. Terry v. Don Quijote*; Civil No. 19-00401-DKW-RT; **ORDER DISMISSING CASE**