IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OSIRIS C. TERRY,<br><br>    Plaintiff,<br><br>    vs.<br><br>DON QUIJOTE,<br><br>    Defendant. | Case No. 19-cv-00401-DKW-RT<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION**[1] |

Before the Court is a letter sent by *pro se* Plaintiff Terry Osiris, Dkt. No. 44, in which he notes a change of address; claims he "was unaware of any documentation that was required to be submitted by [a] deadline"; and apologizes to the Court, presumably for his failure to file an amended complaint by the May 22, 2020 deadline, *see* Dkt. Nos. 37, 42. Terry does not request any specific relief. However, liberally construing Terry's letter as a second motion for reconsideration of: (1) the Court's April 23, 2020 Order dismissing the complaint with limited leave to amend, Dkt. No. 37; and (2) the Court's May 26, 2020 Order dismissing this action for failure to comply with the April 23, 2020 Order, Dkt. No. 39, Terry appears to

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

seek reconsideration on the grounds that he did not receive a copy of these Orders. The Court is not persuaded.

First, although the standards for reconsideration under Rules 59(e) and 60(b) are substantially the same, *see United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (listing grounds for relief under both rules); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir. 1993); *Wharf v. Burlington N. R.R.*, 60 F.3d 631, 637 (9th Cir. 1995), Terry has identified no grounds for reconsideration recognized by Rule 59(e) or Rule 60(b), much less offered any argument as to why such grounds are present here.

Second, to the extent Terry claims that the Court mailed the dismissal orders to the incorrect address because he had moved, the error falls squarely on Terry's shoulders. Local Rule 83.1(e)(1) requires a "self-represented litigant" to notify the Court of a change of address within 14 days. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that even *pro se* litigants must comply with local rules). Terry was aware of LR 83.1 and knew how to file a notice of a change of address because he previously did so on September 23, 2019, Dkt. No. 12. The address Terry provided at that time is where the Court and opposing counsel have sent documents related to this litigation, including the Court's Orders dismissing this case. Dkt. Nos. 37, 39.

Third, pursuant to Terry's telephonic request to the Clerk's Office on May 29, 2020, the Court's dismissal Orders were mailed that day to the address that Terry now states is his current address. *See* Dkt. No. 40; *cf.* Dkt. Nos. 44, 43. And yet in Terry's first motion for reconsideration filed on June 2, 2020, Dkt. No. 41, there is no mention of Terry not having received the Court's dismissal Orders, as he now claims is the case. Terry cannot file successive motions for reconsideration and raise the same arguments or those that could have been raised previously. *See, e.g.*, *Wages v. IRS*, 915 F.2d 1230, 1233 n.3 (9th Cir. 1990); *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) (holding that successive Rule 59(e) motions are improper because "[w]ere such motions permitted, it is conceivable that a dissatisfied litigant could continually seek reconsideration and prevent finality to the judgment"); *Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2010) (holding that "a motion for reconsideration and a successive Rule 60(b) motion . . . are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion"). In any event, the fact remains that Terry has yet to tender a proposed amended complaint demonstrating that this Court has federal question jurisdiction over this product liability action.

Accordingly, to the extent Terry seeks any relief in his letter, Dkt. No. 44, it is DENIED.

## CONCLUSION

For the reasons stated, Terry's letter to the Court, construed herein as a motion for reconsideration, Dkt. No. 44, is DENIED.

This case has been closed and this Court will take no action with respect to any further motions.

IT IS SO ORDERED.

Dated: June 9, 2020 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

---

*Osiris C. Terry v. Don Quijote*; Civil No. 19-00401-DKW-RT; **ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION**